UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MEG PAULSEN,

      Plaintiff,                        CASE NO:

vs.

GREAT WESTERN PACIFIC, INC., a
Washington corporation,

      Defendant.

_____/

**COMPLAINT**

Plaintiff, MEG PAULSEN. ("Plaintiff"), by and through the undersigned counsel, hereby files her Complaint and sues GREAT WESTERN PACIFIC, INC., a Washington corporation, for injunctive relief, attorney's fees, costs and damages, pursuant to 42 U.S.C. §12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and Chapter 49.60 of the Revised Code of Washington and alleges:

**JURISDICTION AND PARTIES**

1.      This is an action for declaratory and injunctive relief and damages pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et. seq., (hereinafter referred to as the "ADA") and Chapter 49.60 of the Revised Code of Washington. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.      Venue is proper in this Court, the Seattle Division of the Western District of Washington, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Washington.

1

3. Plaintiff, MEG PAULSEN (hereinafter referred to as "MS. PAULSEN"), is a resident of the State of Washington and is a qualified individual with a disability under the ADA. MS. PAULSEN suffers from Spina Bifida, which constitutes a "qualified disability" under the Americans With Disabilities Act of 1990 ("ADA"), Chapter 49.60 of the Revised Code of Washington and all other applicable Federal and State statutes and regulations. MS. PAULSEN requires a wheelchair for mobility purposes. Prior to instituting the instant action, MS. PAULSEN visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant which is the subject of this lawsuit due to the barriers to access which exist and the Defendant's lack of compliance with the ADA and Washington Law. MS. PAULSEN continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access and violations which continue to exist.

4. The Defendant, GREAT WESTERN PACIFIC, INC., a Washington corporation, (hereinafter referred to as "GREAT WESTERN PACIFIC" or "Defendant"), is authorized to do business and is conducting business, in the State of Washington. Upon information and belief, GREAT WESTERN PACIFIC is the owner, lessee and/or operator of the real properties and improvements which are the subject of this action, to wit: the **Crab Pot Restaurant, The Salmon Cooker, Fisherman's Restaurant, and the Alaskan Sourdough Bakery, located at and around 1301-Alaskan Way, Seattle, Washington** (hereinafter collectively referred to as the "RESTAURANTS").

2

5.    All events giving rise to this lawsuit occurred in the Seattle Division of the Western District of Washington.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6.    Plaintiff reasserts and re-avers the contents of paragraphs 1-5 herein.

7.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

9.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.     Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the RESTAURANTS owned by GREAT WESTERN PACIFIC are places of public accommodation in that they are RESTAURANTS that provide goods and services to the public.

11.     Defendant, GREAT WESTERN PACIFIC, has discriminated, and continues to discriminate against the Plaintiff by denying her access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the RESTAURANTS in derogation of 42 U.S.C. §12101 et. seq.

12.     The Plaintiff has been unable to and continues to be unable to enjoy full, safe and equal access to and the benefits of the goods and services offered at THE RESTAURANTS owned and/or operated by GREAT WESTERN PACIFIC.  Prior to the

4

filing of this lawsuit, Plaintiff visited THE RESTAURANTS and was denied full, safe and equal access to the benefits, accommodations, goods and services of the Defendant's premises and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire and intends to visit THE RESTAURANTS, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers that remain at THE RESTAURANTS in violation of the ADA.  MS. PAULSEN has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

13.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

14.     GREAT WESTERN PACIFIC is in violation of 42 U.S.C. §12181 et.seq. and 28 C.F.R. §36.302 et.seq. and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

**The Crab Pot Restaurant and Bar** :
i.     The interior door at the Crab Pot is too heavy;
ii.    There is insufficient clear floor space at the pull side of the door to exit the toilet room;
iii.   The toilet stall is too small;
iv.    The toilet paper is out of reach;
v.     The toilet seat is too low;
vi.    There are no grab bars provided;
vii.   The lavatories lack proper knee clearance;
viii.  The paper towels are out of reach;
ix.    The entry door lacks proper signage;

x.    The toilet room door is too narrow;

xi.    The ramp to the toilet rooms lack handrails;

**The Salmon Cooker:**

xii.    The Salmon Cooker lacks accessible seating in the indoor dining area;

xiii.  The service counter at the oyster bar is too high;

**Public Toilet Rooms outside Fisherman's Restaurant and Bar**:

xiv.  The drinking fountain outside the toilet room is too high;

xv.    The toilet stall is too small;

xvi.  There is no rear grab bar provided;

xvii. There is insufficient knee clearance at the lavatory;

**The Fisherman's Restaurant and Bar :**

xviii. In the Fisherman's Restaurant there is insufficient maneuvering clearance at the door to enter the toilet room;

xix.  The toilet stall is too small;

xx.    There are no grab bars provided;

xxi.  Lavatory pipes are not insulated;

xxii. The doors are too heavy;

**Alaskan Sourdough Bakery**

xxiii. There is insufficient maneuvering space at the door to enter the shop at the exterior door;

xxiv. The exterior door is too heavy;

xxv.  The tables lack sufficient knee clearance;

xxvi. The interior door is too heavy;

xxvii.  The toilet room door is too heavy;

15.    There are other current barriers to access and violations of the ADA at the RESTAURANTS owned and operated by the Defendant GREAT WESTERN PACIFIC, which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501.

6

16.     Pursuant to the ADA, 42 U.S.C. §12101 et.seq. and 28 C.F.R. §36.304, the RESTAURANTS were required to be places of public accommodation, accessible to persons with disabilities by January 28, 1992.  GREAT WESTERN PACIFIC has failed to comply with this mandate.

17.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by GREAT WESTERN PACIFIC pursuant to 42 U.S.C. §12205.

18.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against GREAT WESTERN PACIFIC and requests the following injunctive and declaratory relief:

A.     That the Court declare that the properties owned and administered by GREAT WESTERN PACIFIC are violative of the ADA;

B.     That the Court enter an Order directing GREAT WESTERN PACIFIC to alter the subject facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing GREAT WESTERN PACIFIC to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

7

E.      That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION

19.     Plaintiff re-alleges and re-avers Paragraphs 1-5 contained herein.

20.     Chapter 49.60 of the Revised Code of Washington is known as the "law against discrimination." Section 49.60.010 provides that it is an exercise of the police power of the state for the protection of the public welfare, health, and peace of the people of this state, and in fulfillment of the provisions of the Constitution of this state concerning civil rights. Through this section, the legislature found and declared that practices of discrimination against any of its inhabitants because of … the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a disabled person is a matter of state concern and that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state.

21.     Section 49.60.215 of the Revised Code of Washington makes it an unfair practice for any person or the person's agent or employee to commit an act which directly or indirectly results in any distinction, restriction, or discrimination, or the requiring of any person to pay a larger sum than the uniform rates charged other persons, or the refusing or withholding from any person the admission, patronage, custom, presence, frequenting, dwelling, staying, or lodging in any place of public resort, accommodation, assemblage, or amusement, except for conditions and limitations established by law and applicable to all persons, regardless of …..the presence of any sensory, mental, or

8

physical disability, or the use of a trained dog guide or service animal by a disabled person.

22.     Section 49.60.030 provides that any person deeming himself or herself injured by any act in violation of this chapter (49.60) shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter.

23.     Pursuant to Section 9.91.010(d) of the Revised Code of Washington, the establishments owned by GREAT WESTERN PACIFIC are places of public accommodation in that they are RESTAURANTS that provide goods and services to the public.

24.     GREAT WESTERN PACIFIC has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying her access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at THE RESTAURANTS in derogation of the Revised Code of Washington §49.60 et. seq.

25.     The Plaintiff has been unable to and continues to be unable to enjoy full, safe and equal access to, and the benefits of the goods and services offered at THE RESTAURANTS.  Prior to filing of this lawsuit, Plaintiff visited THE RESTAURANTS and was denied full, safe and equal access to the benefits, accommodations and services of THE RESTAURANTS and therefore was damaged and suffered an injury in fact.  In addition, Plaintiff continues to desire and intends to visit THE RESTAURANTS, but continues to be damaged and injured in that she is unable to and continues to be

9

discriminated against due to the architectural barriers which remain at THE

RESTAURANTS in violation of the Revised Code of Washington §49.60 et. seq

WHEREFORE, the Plaintiff demands judgment against GREAT WESTERN

PACIFIC and requests the following injunctive and declaratory relief:

A.      That the Court declare that the properties owned and administered by
        GREAT WESTERN PACIFIC are violative of the Revised Code of
        Washington §49.60 et. seq.;

B.      That the Court enter an Order directing GREAT WESTERN PACIFIC
        to alter the subject facilities to make them accessible to and useable by
        individuals with disabilities to the full extent required by the Revised
        Code of Washington §49.60 et. seq;

C.      That the Court enter an Order directing GREAT WESTERN PACIFIC
        to evaluate and neutralize its policies and procedures towards persons
        with disabilities for such reasonable time so as to allow them to
        undertake and complete corrective procedures;

D.      That the Court award damages, reasonable attorney's fees, costs
        (including expert fees) and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems
        necessary, just and proper.

Date:  January 13, 2009                    Respectfully submitted,

                                   By:_____s/Catherine Chaney_____
                                        Catherine Chaney, WA Bar No. 21405
                                        cchaney@msn.com
                                        Law Office of Catherine Chaney
                                        2606 Second Ave. #284
                                        Seattle, Washington  98121
                                        (206) 343-7642-Telephone
                                        (206) 343-1530 - Facsimile
                                        Stephan M. Nitz, FL Bar No. 45561
                                        snitz@szalaw.com
                                        Schwartz Zweben
                                        3876 Sheridan Street
                                        Hollywood, Florida  33021
                                        Telephone:    (954) 966-2483
                                        Facsimile:     (954) 966-2566
                                        Attorneys for Plaintiff

10